**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4146**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOSHUA DAVID STARLING,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Jr.,
District Judge.  (1:09-cr-00335-WO-1)

Submitted: August 25, 2011          Decided: September 9, 2011

Before KEENAN and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ames C. Chamberlin, LAW OFFICES OF AMES C. CHAMBERLIN,
Greensboro, North Carolina, for Appellant.  Ripley Rand, United
States Attorney, Michael F. Joseph, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua David Starling pled guilty, pursuant to a written plea agreement, to conspiracy to distribute cocaine and oxycodone, 21 U.S.C. § 846 (2006), and possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A) (2006). The district court sentenced Starling to 37 months' imprisonment on the § 846 offense — the bottom of the Sentencing Guidelines range — plus a consecutive 60-month sentence on the § 924(c) offense. Starling noted a timely appeal.

Starling's sole argument on appeal is that his total 97-month sentence is unreasonable compared to his co-defendant's 57-month sentence because they were guilty of the same conduct. This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In determining the reasonableness of a sentence, we first consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. One of the factors the sentencing court must consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ."

2

18 U.S.C. § 3553(a)(6). However, "the kind of disparity with which § 3553(a) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case." United States v. Pyles, 482 F.3d 282, 290 (4th Cir. 2007) (internal quotation and citation omitted); see also United States v. Clark, 434 F.3d 684, 687 (4th Cir. 2006) (sole concern of § 3553(a) is sentencing disparities among federal defendants). In any event, Starling was convicted on the § 924(c) count, while his co-defendant was not. Moreover, Starling's criminal history placed him in Category V, whereas his co-defendant's placed her in Category I.

We find that Starling's sentence is both procedurally and substantively reasonable. The district court properly calculated Starling's sentencing range under the advisory Guidelines, considered the relevant § 3553(a) factors, and imposed a sentence at the bottom of the applicable sentencing range. Starling cannot overcome the presumption of reasonableness accorded his within-Guidelines sentence. See Rita v. United States, 551 U.S. 338, 347 (2007).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED